IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
CASE NO. 3:19CR74 (JCH)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | ORDER ON MOTION FOR |
| | ) | REDUCTION IN SENTENCE |
| V. | ) | UNDER 18 U.S.C. § 3582(c)(1)(A) |
| Katina Reed | ) | (COMPASSIONATE RELEASE) |
| | ) | |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors set forth in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission to the extent they are relevant to whether a reduction is warranted (and, if so, the amount of the reduction),

IT IS ORDERED that the motion is:

☒ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____ ; or

☒ Time served:

   ☐   The defendant is to remain in Bureau of Prisons custody until the defendant's residence can be verified *or* a release plan can be developed. Additional custody shall not exceed \_\_\_\_\_ days unless extended by the Court.

   ☒   An appropriate release plan is in place and the defendant shall be released immediately.

SUPERVISED RELEASE

☒ The defendant's term of supervised release is unchanged.

☐ The defendant's term of supervised release is changed from _____ to _____.

☒ The defendant's conditions of supervised release imposed in the Judgment dated 1/10/2020 remain in effect.

☒ The following additional conditions of supervised release are imposed:

1.) The defendant shall reside with Ms. Sand.  Upon release, the defendant shall be on quarantine for 16 days and may not leave her residence for any reason, except for medical emergencies.
2.) Upon completion of the quarantine period, the defendant shall be on home incarceration for the first 90 days of supervised release with location monitoring in a method to be determined by the Probation Office. The defendant shall be home at all times except for medical purposes for herself and for emergency medical purposes for her daughter.  After the completion of the 90 days of home incarceration, the location monitoring would be adjusted to home detention for an additional period of 90 days. During the home detention period, Ms. Reed would be allowed out of her residence for medical purposes, employment, mental health treatment, community service and other activities approved, in advance by the U.S. Probation Office.
3.) Upon completion of the 90 days of home incarceration, Ms. Reed shall perform community service at a rate of 40 hours per month for the first two years of supervised release. The community service location must be approved, in advance, by the U.S. Probation Office and Ms. Reed must acquire documentation from the community service provider of her monthly completion of hours. Should Ms. Reed obtain employment which interferes with her ability to complete the monthly requirement of community service, the U.S. Probation Office will confer with the Court regarding a possible reduction of hours.
4.) The defendant shall observe 3 sessions of Re-Entry Court with the permission of the presiding judge.  The court recommends the defendant apply to participate in the program.
5.) Ms. Reed shall participate in mental health counseling with a focus on cognitive behavioral treatment.  The defendant shall follow all rules and regulations of the program.  The Probation Office shall supervise the defendant's compliance with the program.
6.) The defendant shall have no contact with any family members in Virginia who were connected to her prior Virginia case or the instant case.
7.) Ms. Reed shall make full financial disclosure to the U.S. Probation Office.
8.) Ms. Reed is prohibited from downloading encrypted applications on her cell phone. Ms. Reed will disclose all cell phone numbers to which she has access.  Ms. Reed will consent to a search of her cell phone, by the U.S. Probation Office, for the purposes of determining her compliance with this condition. Ms. Reed shall notify any other users of cell phones to which she has access, that the phone is subject to search pursuant to this condition.

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records [medical, institutional, administrative] supporting the approval or denial of this motion.

☐ DENIED after complete review of the motion on the merits.

☐ FACTORS CONSIDERED (Optional)

_____

_____

_____

☐ DENIED WITHOUT PREJUDICE because the defendant has neither exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf; nor have 30 days lapsed since the receipt of such a request by the Warden.

**SO ORDERED**

Dated at New Haven, Connecticut, on June 30, 2020.

/s/Janet C. Hall

Janet C. Hall, U.S. District Judge